# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| **SCOTT SOLARZ**<br>  9585 Ravinia Drive<br>  Olmsted Falls, Ohio 44138 | )<br>)<br>) |
| Plaintiff, | ) |
| -vs- | )<br>) |
| **JAMES GRAVEN**, individually and in his official capacity as mayor of the City of Olmsted Falls, Ohio<br>  26100 Bagley Road<br>  Olmsted Falls, OH 44138 | )<br>)<br>)<br>) |
| and | ) |
| **THE CITY OF OLMSTED FALLS, OHIO**,<br>  26100 Bagley Road<br>  Olmsted Falls, OH 44138 | )<br>)<br>)<br>) |
| Defendants. | ) |

**COMPLAINT**

**Trial by Jury Endorsed Hereon**

## INTRODUCTION

1. This is an action brought to secure enforcement of federally protected rights of free expression arising out of official government-sanctioned punishment in violation of the First and Fourteenth Amendments to the Constitution of the United

States in which the plaintiff, Scott Solarz, seeks declaratory, preliminary and permanent injunctive relief and damages.

## CLAIMS AND JURISDICTION

2. This action is initiated pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1983, to redress the deprivation under color of statue, ordinance, regulation, custom or usage of rights, privileges and immunities secured to plaintiff under the First and Fourteenth Amendments to the United States Constitution. Jurisdiction is invoked pursuant to 28 U.S.C §§ 1331 and 1343(3) and (4). To the extent declaratory relief is sought, claims are asserted pursuant to 28 U.S.C. §§ 2201 and 2203.

3. At all times relevant to this complaint, Defendants have acted under color of law and under color of the statutes, ordinances, charter, regulations, customs and usages of the City of Olmsted Falls, Ohio.

## PARTIES

4. Plaintiff Scott Solarz is a citizen of the United States who resides with his family in the City of Olmsted Falls, Ohio.

5. Defendant James Graven is the Mayor of the City of Olmsted Falls, Ohio, and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the city and its residents, including policies, practices, procedures, acts and conduct relating to the administration of the city and

is otherwise responsible for the promulgation and execution of rules of the employees of the City of Olmsted Falls.

6. Defendant City of Olmsted Falls, Ohio is a municipal corporation operating pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the United States and State of Ohio. Defendant City of Olmsted Falls is responsible for the implementation and enforcement of all policies, practices, procedures, acts, and conduct regarding the administration of matters affecting the city and its residents in a manner consistent with the Constitution of the United States.

## COUNT I

7. Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

8. Plaintiff Scott Solarz is a veteran United States Marine and currently serves as a firefighter in and for the City of Rocky River, Ohio.

9. In July 2016, Plaintiff Scott Solarz and his family moved into a new home in Olmsted Falls, Ohio.

10. Soon after he moved into the home, Plaintiff Scott Solarz uncovered a number of issues with the driveway and foundation of his home.

11. Defendant City of Olmsted Falls, Ohio requires that new residential properties are inspected by the City of Olmsted Falls and otherwise meet Olmsted Falls' codes.

12. In his study of the conditions of the driveway and foundation at his new home, Plaintiff Scott Solarz believed that the inspector hired by the City of Olmsted Falls failed to properly diagnose the issue and failed to recognize the deficiencies relating to the driveway and foundation in the process of concluding that the driveway and foundation met required code compliance.

13. In order to remedy the situation, Plaintiff Scott Solarz was required to arbitrate the dispute with the builder of his home in accordance with the contract he had with the builder.

14. Under the agreement, Plaintiff Scott Solarz was required to pay for the costs associated with the arbitration requirement.

15. Plaintiff Scott Solarz then contacted the Law Director for the City of Olmsted Falls, through his attorney, to seek reimbursement for the arbitration as the problems he faced were a result of the city's deficient inspection.

16. Plaintiff Scott Solarz's request for reimbursement was rejected by the law director and mayor of the City of Olmsted Falls, Ohio.

17. On May 14, 2019, Plaintiff Scott Solarz then appeared before the Olmsted Falls City Council at a meeting to address his concern about the city's rejection of his claim.

18. On May 14, 2019, Plaintiff Scott Solarz and Defendant James Graven had a heated exchange at the city council meeting about the City of Olmsted Falls'

failure to do a proper inspection and the refusal of the City of Olmsted Falls to reimburse Solarz for the arbitration.

19. Defendant James Graven, in his capacity as Mayor of the City of Olmsted Falls, responded to Plaintiff Scott Solarz in a dishonorable and disrespectful manner which caused needless public humiliation of a citizen of the City of Olmsted Falls.

20. Accordingly, Plaintiff Scott Solarz chose to exercise his constitutionally guaranteed freedom of speech ensured under the First Amendment of the Constitution of the United States to speak out against a governmental figurehead, Mayor Graven, whom he felt was improperly serving him and the public.

21. In June 2019, Plaintiff Scott Solarz created three (3) yard signs about Mayor Graven concerning his opinion about the mayor.

22. The first sign was placed in his yard and the other two signs were placed in the yards of friends of Plaintiffs.

23. As a veteran of active duty in the United States Marine Corp, Plaintiff Scott Solarz knew of other veterans who held Mayor Graven in low regard.

24. As a firefighter for the City of Olmsted Falls, Plaintiff Scott Solarz knew of other firefighters who held Mayor Graven in low regard.

25. The signs created by Scott Solarz read *VETERANS AND FIRE FIGHTERS AGAINST NO HONOR MAYOR GRAVEN*.

26. On June 28, 2019, Mayor Graven showed up unannounced and uninvited at the Solarz front door to confront Plaintiff Scott Solarz about the signs he was displaying concerning his position as Mayor of the City of Olmsted Falls.

27. Plaintiff Scott Solarz was not at home when Mayor Graven showed up at his home.

28. Defendant James Graven was met at the door by 15-year-old Grace, the daughter of Scott Solarz.

29. Grace was nervous and anxious by the anger manifested by Defendant Mayor James Graven when she explained her father was not home.

30. Defendant James Graven provided a business card to Plaintiff Scott Solarz's daughter Grace with instructions that her father call the mayor back.

31. The next day, June 29, 2019, in order to punish Plaintiff Scott Solarz for exercising his rights ensured under the First Amendment to the Constitution of the United States, Defendant James Graven contacted, or instructed the law director, to contact Plaintiff Scott Solarz's employer, the City of Rocky River where Solarz works as a firefighter about the yard signs critical of the Mayor of Olmsted Falls posted in the City of Olmsted Falls.

32. Defendant James Graven called, or initiated the communications in his official capacity as the Mayor of the City Olmsted Falls about the yard signs.

33. Under color of state law, Defendant James Graven then contacted the Fire Chief of the City of Rocky River about the yard signs in an effort to force Plaintiff Scott Solarz to remove the signs.

34. Under color of state law, Defendant James Graven then contacted the Mayor of the City of Rocky River about the yard signs in an effort to force Plaintiff Scott Solarz to remove the signs.

35. Under color of state law, Defendant James Graven then contacted Plaintiff Scott Solarz's union president about the yard signs in order to force him to remove the signs.

36. Then, nearly one month after Plaintiff Scott Solarz posted the yard signs about Mayor Graven, on July 3, 2019, Defendant James Graven had his wife file papers with the Olmsted Falls Police Department asserting an ambiguous threat which had no factual foundation.

37. While the Olmsted Falls Police Department found no basis for the complaint, the police department then called Plaintiff Scott Solarz to inform him that the complaint by the wife of Defendant Olmsted Falls Mayor James Graven filed the complaint.

38. Defendant James Graven, under color of state law and personally, continued a pattern of harassment and intimidation by calling a variety of Plaintiff Scott Solarz's governmental superiors and through his wife, attempted to use his

police department as a form of bullying of a private citizen who had an absolute right to post a yard sign.

39. On or before July 5, 2019, Defendant James Graven then hired a private law firm to threaten Plaintiff Scott Solarz which was received shortly thereafter and reads, in relevant part, as follows:

> Your sign falsely states, "Fire Fighters and Veterans against 'NO HONOR' Mayor Graven." Through agents, you have posted the same sign at 8788 Usher Road, Olmsted Township and 8807 Usher Road, Olmsted Township. By copy of this letter, your agents at those addresses are hereby advised they, too, will be the subject of legal action if they do not take down the signed you posted for them… [Y]our signs are untrue and constitute actionable defamation of James Graven, both personally, and as Mayor.

40. While the local Olmsted Falls law firm claimed defamation of James Graven as a governmental official and personally, it knew it was stating the law wildly wrong as an agent to threaten litigation as part of the continuing pattern and practice to obstruct, interfere with and restrict free expression ensured under the First Amendment to the Constitution of the United States.

41. Defendant James Graven knew full well that the posted signs did not constitute defamation, but used the local law firm as a bullying tactic to discourage Plaintiff Scott Solarz from the exercise of his opinion about a government official.

42. Fearful for the economic well-being of his family and unable to afford legal counsel to defend a legal action, the intimidation by Defendant James Gravens succeeded in

restricting Plaintiff Scott Solarz's ability to exercise his First Amendment rights, so he removed the lawn signs.

43. Unless enjoined from doing so, Defendant James Graven will continue to utilize his political superiority over a citizen of Olmsted Falls by forcing Plaintiff Scott Solarz to stop exercising his rights under the First Amendment to the Constitution of the United States.

44. Under color of state law, Defendant James Graven then requested that the fire chief of the City of Olmsted Falls restrict the ability of Plaintiff Scott Solarz from being at the City of Olmsted Falls' fire department to further restrict his speech and expression.

45. Plaintiff Scott Solarz has suffered irreparable harm arising out of the pattern of governmental intimidation used by Defendant City of Olmsted Falls and Mayor James Graven in restricting constitutional speech.

46. In balancing the equities, the Defendants will suffer no harm with the reposting of the yard signs.

47. The public interest in permitting the posting of yard signs outweighs any interest that the government of the City of Olmsted Falls and its mayor have.

48. Given the officials actions of Defendant James Graven intimidating Scott Solarz's 15-year-old daughter as mayor, threatening others who have posted similar signs, adversely influencing the fire chief of Olmsted Falls under color of state law, adversely influencing the fire chief of Rocky River, adversely influencing the

Mayor of Rocky River and threatening anyone who expresses an opinion about James Graven which does not please him, in the absence of injunctive relief, Plaintiff Scott Solarz's rights under the First and Fourteenth Amendments will be rendered nugatory.

49. In order to restore the signs without facing threats and other adverse action under color of law, Plaintiff Scott Solarz has no alternative at law.

50. As a result of the acts and conduct of the Defendants, Plaintiff has suffered and continues to suffer violations of his rights insured under the Constitution of the United States.

51. As a result of the acts and conduct of the Defendants, Plaintiff has suffered extreme emotional stress, humiliation and related personal losses.

52. The acts and conduct of the Defendants were intentional, malicious and in wanton and reckless disregard of the rights and feelings of the plaintiff.

WHEREFORE, plaintiff urges this Court to grant the following relief:

A. Declare the acts and conduct of the Defendants constitute violations of the First and Fourteenth Amendments to the Constitution of the United States and the Civil Rights Act of 1871, 42 U.S.C. §1983;

B. Permanently enjoin the Defendants, their agents, employees or any persons acting independently or in concert with the Defendants, from barring the Plaintiff from future political expression and assembly;

C. Preliminarily and permanently enjoin the Defendants, their agents, employees or any persons acting independently or in concert with the Defendants, from

retaliating against the Plaintiff in the future for the assertion of federally protected rights and to enjoin any act or conduct which has the purpose or effect of restricting the right of free speech and the exercise of assembly;

D. Compensate the Plaintiff for all personal losses he has suffered as a result of the unconstitutional actions of the Defendants;

F. Grant to the Plaintiff and against the Defendants, jointly and severally, all additional appropriate compensatory damages, all appropriate punitive damages with respect to Defendant Graven, along with the costs and reasonable fees as expressly provided by federal statute;

G. Grant any additional relief the Court deems just, equitable and in the public interest.

/s/ Jared S. Klebanow
JARED S. KLEBANOW (0092018)
KLEBANOW LAW, LLC
850 Euclid Ave. Suite 701
Cleveland, Ohio 44114
T: (216) 621-8230
jklebanow@klebanowlaw.com

/s/ Avery Friedman
AVERY FRIEDMAN (0006103)
AVERY FRIEDMAN & ASSOCIATES
850 Euclid Ave. Suite 701
Cleveland, Ohio 44114-3358
T: (216) 621-9282
avery@lawfriedman.com

*Attorneys for Plaintiff Scott Solarz*

**TRIAL BY JURY DEMANDED**

Plaintiff Scott Solarz hereby demands trial by jury.

*/s/ Avery Friedman*
Avery Friedman