UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SOLARZ, | ) | CASE NO. 1:19CV2065 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| JAMES GRAVEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #8) of Defendants James Graven and the City of Olmsted Falls to Dismiss. For the following reasons, the Motion is granted in part.

**I. FACTUAL BACKGROUND**

On September 9, 2019, Plaintiff Scott Solarz brought this action against Defendants James Graven and the City of Olmsted Falls for deprivation under color of state law of rights secured under the First and Fourteenth Amendments of the United States Constitution pursuant to 42 U.S.C. § 1983.

Plaintiff is an Olmsted Falls resident and a City of Rocky River firefighter. Defendant Graven is the Mayor of Olmsted Falls.

In July of 2016, Plaintiff moved into a new home in Olmsted Falls. Plaintiff soon discovered issues with the foundation and driveway of his home. A City inspector failed to recognize the defects and concluded that the premises complied with the City code. Plaintiff and the builder became embroiled in a contract dispute. The construction contract mandated arbitration and Plaintiff was ultimately required to pay the arbitration costs. Because Plaintiff believed that the City inspection was deficient, his attorney contacted the City Law Director seeking reimbursement of the arbitration charges. The Mayor and the Law Director denied Plaintiff's request.

On May 14, 2019, Plaintiff attended a City Council meeting. Allegedly, Plaintiff and Defendant Graven had a heated exchange over the improper inspection and the refusal to provide Plaintiff with reimbursement. Plaintiff felt the Mayor treated him disrespectfully and caused him to suffer public humiliation.

In June of 2019, Plaintiff created three yard signs – one was placed in his yard and the others in his two friends' yards. The signs read: "VETERANS AND FIRE FIGHTERS AGAINST NO HONOR MAYOR GRAVEN."

On June 28, 2019, Defendant Graven came to Plaintiff's home unannounced and uninvited. Defendant was met by Plaintiff's fifteen-year-old daughter. Allegedly, Defendant was angry and that made the daughter nervous. Defendant gave her his business card and instructed her to have her father call him.

According to the Complaint, in an effort to punish Plaintiff and to force him to remove

the signs, Defendant Graven, in his official capacity, instructed his City's Law Director to contact Plaintiff's employer. Defendant contacted the Mayor of the City of Rocky River, the Fire Chief for the City of Rocky River, and Plaintiff's union president on or about June 29, 2019.

On July 3, 2019, Defendant Graven's wife filed a criminal complaint against Plaintiff with the Olmsted Falls Police Department. The police called Plaintiff and told him about the Mayor's wife's complaint, but assured him that they found it to be baseless.

Plaintiff alleges that Defendant Graven requested the City of Olmsted Falls Fire Chief to restrict Plaintiff's access to the fire station and to the Olmsted Falls fire fighters there.

On July 5, 2019, Plaintiff received a letter from Graven's private attorney threatening Plaintiff and his two friends with legal action for defamation.

After these "bullying tactics," and fearing for his and his family's economic and personal well-being, Plaintiff removed the lawn signs.

Plaintiff alleges that Defendants violated his constitutional rights by exercising political authority over him as a citizen of Olmsted Falls, and by using the agencies of municipal government (police, fire and law departments) to intimidate him and to restrict his constitutional speech.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Defendants contend that the Complaint fails to set forth a "state action" necessary to make a claim under 42 U.S.C. § 1983. Further, Plaintiff's allegations do not establish a viable First Amendment retaliation claim. Defendant Graven's conduct is constitutionally protected and he is entitled to qualified immunity. Lastly, Plaintiff has failed

to allege a valid claim against the City of Olmsted Falls.

## II. LAW AND ANALYSIS

### Fed.R.Civ.P. 12(b)(6) Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 679.

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir.2007)).

The Court should disregard conclusory allegations, including legal conclusions

couched as factual allegations. *Twombly*, 550 U.S. at 555; *J & J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, *4 (N.D.Ohio Nov. 3, 2011).

"Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations ... a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable ..." *Twombly*, 550 U.S. at 556.

**42 U.S.C. § 1983 Claim**

To maintain a claim under § 1983, a plaintiff must establish that he was deprived of a right secured by the Constitution or the laws of the United States, and that the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Baker*, 443 U.S. at 140.

Plaintiff asserts that Defendants violated his First Amendment right of free speech. For purposes of their Motion to Dismiss, Defendants admit that Plaintiff's yard signs amounted to protected speech. (ECF DKT #8-1, p. 7).

However, Defendants argue that Graven's conduct is not state action; so, Plaintiff's Complaint fails to allege a viable claim. Defendants further contend that a private party cannot deprive a citizen of the right to free speech, and point to the four tests of state action set forth in *Marie v. American Red Cross*, 771 F.3d 344 (6th Cir. 2014).

Throughout the Complaint, Plaintiff alleges that Graven acted in his official capacity and/or under color of state law. Reading the Complaint in a light most favorable to Plaintiff, the Court finds that Defendants' reliance on *Marie* is misplaced; and the Court need not look to the four *Marie* tests for whether a private actor's conduct may fairly be attributable to the State. A mayor is a "person" who is constitutionally subject to liability under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

**First Amendment Retaliation**

A retaliation claim is composed of three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements (1) and (2) — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted).

Again, for purposes of the Motion to Dismiss, Defendants acknowledge that Plaintiff engaged in constitutionally protected speech.

Defendants challenge whether any adverse action supporting a retaliation claim has been alleged. First, Defendants submit that Defendant Graven's conduct was itself constitutionally protected. "As such Mayor Graven's comments to the Mayor of the City of Rocky River, the Fire Chief of Rocky River, and/or even the Fire Chief of the City of Olmsted Falls objecting to the disparaging speech of Mr. Solarz is protected First Amendment conduct and cannot be adverse action for purposes of a First Amendment retaliation claim." (ECF DKT #8-1, p. 8). Looking at the "four corners" of the Complaint, there is no recitation

of what Graven said in any of the alleged situations. Without evidence, the Court cannot determine whether or not Graven's conversations with his Rocky River counterpart, or with the Fire Chiefs of both cities, or with a firefighters union official or with Plaintiff's daughter were protected expressions in response to a personal attack on his character.

Secondly, Defendants submit that the embarrassment, humiliation and emotional distress Plaintiff alleges are not sufficient adverse actions to chill a person of ordinary firmness from engaging in protected conduct. In the Complaint, Plaintiff asserts that Graven, or the Olmsted Falls Law Director at his direction, spoke with Plaintiff's employer, the Mayor of Rocky River and the Rocky River Fire Chief. Graven came to Plaintiff's house when he was not present and alarmed Plaintiff's teenage daughter. Graven's wife swore out a criminal complaint against Plaintiff. Graven's lawyer sent Plaintiff a letter threatening him and his friends with a lawsuit over the lawn signs. Graven contacted the Olmsted Falls Fire Chief allegedly to have Plaintiff barred from the premises and from speaking with his community's firefighters. Plaintiff concludes that he feared for his and his family's economic and emotional well-being.

Although the Sixth Circuit has found that emotional anguish that is not extreme will not constitute actionable adverse action, the Court finds that the combination of all the alleged incidents and the plausible threat to Plaintiff's economic livelihood are sufficient under Fed.R.Civ.P. 12(b)(6) for the second element of a First Amendment Retaliation cause of action. *See Fritz v. Charter Township of Comstock*, 592 F.3d 718 (6th Cir. 2010).

The third element of a First Amendment Retaliation claim requires the Court to examine Defendant Graven's subjective motivation. Without evidence, and at the motion to

dismiss stage, the Court is unable to proceed with that analysis.

**Qualified Immunity**

Defendants contend that Plaintiff's claims against Graven should be dismissed under the qualified immunity doctrine.

The doctrine of qualified immunity is "available to government officials performing discretionary functions." *Painter v. Robertson*, 185 F.3d 557, 566 (6th Cir. 1999). The doctrine provides "immunity from suit rather than a mere defense to liability." *Saucier v. Katz*, 533 U.S.194, 200-201. A government official will be entitled to immunity from suit as long as his conduct does not violate "clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." *Painter,* 185 F.3d at 567. Any action which is "objectively reasonable" in light of the "clearly established law at the time of the conduct at issue" will be protected by qualified immunity. *Id*.

Individuals raising qualified immunity bear the initial burden of coming forward with facts "to suggest that they were acting within the scope of their discretionary authority." *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992). Thereafter, the burden shifts to the plaintiff to show "that the defendants' conduct violated a right so clearly established that any official in defendants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct." *Id*.

A judicial finding that qualified immunity applies would be inappropriate if there is a factual dispute or genuine issue of material fact "involving an issue on which the question of immunity turns, such that it cannot be determined before trial whether the defendant did acts that violate clearly established rights." *Id.* Indeed, in their Motion to Dismiss, Defendants

assert: "Absent clearly established law informing such a reasonable public official that this conduct, *on these facts*, would be unconstitutional, Mayor Graven is entitled to qualified immunity." (ECF DKT #8-1, p. 11) (Emphasis added).

The Court concludes that, without some factual elucidation, it cannot find that Defendant Graven is entitled to qualified immunity.

Applying the appropriate Fed.R.Civ.P. 12(b)(6) standard of review, Plaintiff's claims may go forward even if "actual proof of [the] facts is improbable" or "a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556. The Court finds, therefore, that there are enough facts alleged "to raise a reasonable expectation that discovery will reveal evidence" of the necessary elements of Plaintiff's claims against Defendant Graven. *Id*. By the same token, Defendant Graven may again motion the Court if discovery warrants.

**Municipal Liability**

A city or municipality may only be held liable for the constitutional violations of its employees under 42 U.S.C. § 1983 if those actions are the result of a practice, policy, or custom of the municipality itself. *Monell*, 436 U.S. 690-92. "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson,* 563 U.S. 51, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011).

There are four types of municipal action that, if they cause the underlying constitutional violation, can establish liability under a *Monell* claim: 1) legislative enactments or official policy; 2) actions by officials with final decision-making authority; 3) a policy of inadequate training or supervision; or 4) a custom of tolerance of rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013); *France v. Lucas*, No. 1:07CV3519, 2012 WL 5207555, at *12 (N.D. Ohio Oct. 22, 2012), aff'd, 836 F.3d 612 (6th Cir. 2016).

Defendants argue that Plaintiff's Complaint fails to sufficiently plead that the alleged constitutional violation was caused by a custom, policy or practice of the City of Olmsted Falls, such that the City of Olmsted Falls is the moving force behind that constitutional violation. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 388-89 (6th Cir.2017).

Plaintiff's Complaint at ¶ 5 & ¶ 6 recites:

Defendant James Graven is the Mayor of the City of Olmsted Falls, Ohio, and is otherwise responsible for the formulation, implementation and enforcement of all policies, practices, procedures, acts and conduct regarding the administration of matters affecting the city and its residents, including policies, practices, procedures, acts and conduct relating to the administration of the city and is otherwise responsible for the promulgation and execution of rules of the employees of the City of Olmsted Falls.

Defendant City of Olmsted Falls, Ohio is a municipal corporation operating pursuant to the rules and regulations of the State of Ohio and pursuant to obligations under the Constitution of the United States and State of Ohio. Defendant City of Olmsted Falls is responsible for the implementation and enforcement of all policies, practices, procedures, acts, and conduct regarding the administration of matters affecting the city and its residents in a manner consistent with the Constitution of the United States.

At ¶ 45, Plaintiff further alleges: "Plaintiff Scott Solarz has suffered irreparable harm arising out of the pattern of governmental intimidation used by Defendant City of Olmsted Falls and Mayor James Graven in restricting constitutional speech."

The Complaint does not identify an official policy of the City of Olmsted Falls which causes a constitutional violation, such as prohibiting free speech. The Complaint, while placing the responsibility for formulation, implementation and enforcement of all policies, practices and procedures upon Mayor Graven, does not identify him as the final decision-

-10-

maker or final policy-maker. There is no allegation of inadequate training. Moreover, merely using the term "pattern of governmental intimidation" is inadequate to impose *Monell* liability.

Plaintiff is required to "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)). Even construing the Complaint in a light most favorable to Plaintiff, the Court finds that the factual allegations do not support a deprivation of Plaintiff's constitutional rights by the City of Olmsted Falls through any of the four types of municipal actions outlined in *Monell*. Plaintiff's Complaint falls short in this regard, and the Complaint is dismissed as against Defendant City of Olmsted Falls.

### III. CONCLUSION

For these reasons, the Motion (ECF DKT #8) of Defendants James Graven and the City of Olmsted Falls to Dismiss is granted in part as to Defendant City of Olmsted Falls only.

**IT IS SO ORDERED.**

**DATE: June 22, 2020**

 s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge